IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GURSHEEL S. DHILLON M.D. ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF TENNESSEE HEALTH ) | |
| RELATED BOARD OF MEDICAL ) | No. 3-12-0151 |
| EXAMINERS; LARRY ARNOLD M.D.; ) | |
| KEITH LOVELADY M.D.; MITCHELL ) | |
| MUTTER M.D.; MICHAEL ZANOLLI ) | |
| M.D.; BARRETT ROSEN M.D.; ) | |
| MICHAEL BARON M.D.; NEIL ) | |
| BECKFORD M.D.; DANIEL GARNER ) | |
| M.D.; KIMBERLY BELL M.D.; ) | |
| DENISE MORAN; JANICE STONE; ) | |
| KEN JONES; ANDREA ) | |
| HUDDLESTON; REGINE WEBSTER; ) | |
| JOHN and JANE DOES 1-25; and ) | |
| LIFEPOINT HOSPITAL'S SOUTHERN ) | |
| TENNESSEE MEDICAL CENTER; ) | |
| WILLIAM RUSS SPRAY; and MARK ) | |
| WERT M.D. ) | |

TO: Honorable Todd J. Campbell, District Judge

# **R E P O R T  A N D  R E C O M M E N D A T I O N**

By Order entered March 25, 2013 (Docket Entry No. 124), the Court adopted and approved the Report and Recommendation ("R&R") entered March 7, 2013 (Docket Entry No. 112), which recommended that Plaintiff's claims in this action be dismissed, except "as to the rulings concerning Younger abstention." See Docket Entry No. 124, at 1-2. The matter was then referred back to the Magistrate Judge:

> to determine whether Plaintiff's assertion (that no state court proceeding is currently pending), if true, changes anything about the Younger abstention analysis. The Magistrate Judge shall file another Report and Recommendation to the Court on this single issue.

Id. at 2.

Set out below is the Magistrate Judge's analysis and conclusion as to the issue that was recommitted to the Magistrate Judge by the Court.

**BACKGROUND AND CONCLUSION**

The factual and procedural background of this action is set out in the R&R, see Docket Entry No. 112, at 2-7, and need not be recounted herein. Put succinctly, Plaintiff brought this lawsuit on February 7, 2012, challenging the February 2011, decision by the Tennessee Board of Medical Examiners ("the Board") to suspend his license to practice medicine in the State of Tennessee and asserting damage claims against a multitude of Defendants.

In the R&R, the Magistrate Judge found that the principle of federal abstention from granting injunctive or declaratory relief that would interfere with pending state proceedings that was set out in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), required that the Court abstain from hearing Plaintiff's request for equitable relief overturning the Board's decision to suspend his medical license and recommended that this claim be dismissed without prejudice. The Magistrate Judge first found that Younger applied to the instant action in light of Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982), and Watts v. Burkhart, 854 F.2d 839 (6th Cir. 1988), and then analyzed the three criteria for determining whether to apply the Younger doctrine:

> (1) are there are ongoing state judicial proceedings;
>
> (2) do the proceedings implicate important state interests; and
>
> (3) is there is an adequate opportunity to raise constitutional challenges in the course of the underlying proceeding.

Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003); Tindall v. Wayne Cnty. Friend of the Court, 269 F.3d 533, 538 (6th Cir.2001); Hayse v. Wethington, 110 F.3d 18, 20 (6th Cir. 1997). After finding that each criteria had been met based on the facts of the action, the Magistrate Judge concluded that Younger abstention was justified. See R&R (Docket Entry No. 112), at 8-9.

In his objections to the R&R, Plaintiff argues that "Younger Astention does not apply as there are no 'state' court proceedings in process in which the State has any interest and the Plaintiff's challenges to the State Court were dismissed without review of the merits of the case." See Docket Entry No. 123, at 6. In support, he asserts that the Magistrate Judge was unaware at the time of entering the R&R that the Tennessee Court of Appeals denied review of all of his appeals and issued a mandate on January 11, 2013, and that the Tennessee Supreme Court denied certiorari "for all appeals related to this matter. Id. at 6-7.

Plaintiff is correct in his assessment that the Magistrate Judge was unaware at the time the R&R was entered on March 7, 2013, of the status of his state court appeal from the dismissal of his Davidson County Chancery Court action. The record contained no indication of the status of the state court appeal, and the Magistrate Judge noted that the "current status of the appeal is unknown." See Docket Entry No. 112, at 5.

However, even if the Magistrate Judge had been aware that the state appeals had been concluded, this fact[1] would not have changed the Magistrate Judge's ultimate conclusion that abstention under Younger is warranted. As set out in the R&R, Plaintiff initiated his Chancery Court action on March 21, 2011, filed a motion on February 21, 2012, to set aside the dismissal of that action and re-open the case, which was denied on May 29, 2012, and then filed a notice of appeal on June 6, 2012. See Docket Entry No. 112, at 4. The appeal was not concluded until sometime in early 2013. There is no question that a relevant state judicial proceeding regarding the Board's action against Plaintiff was ongoing well before this action was filed until only recently.

Plaintiff's belief that the resolution of his state appeal has a determinative effect in the Younger analysis is erroneous. The law within the Sixth Circuit is that the first Younger criteria is satisfied if there is a relevant state court proceeding pending at the time the federal action is filed

---

[1] Although Plaintiff has not submitted to the Court any actual documents showing the dismissal and conclusion of his state court appeal, the Court takes as true his assertions that the Tennessee Court of Appeals denied review of his appeal and that the Tennessee Supreme Court denied his request for certiorari.

3

irrespective of the fact that the state proceeding may be subsequently dismissed during the pendency of the federal action. See Federal Express Corp. v. Tennessee Pub. Serv. Com'n, 925 F.2d 962, 969 (6th Cir. 1991) (subsequent dismissal of state court action did not affect the abstention analysis under Younger); Zalman v. Armstrong, 802 F.2d 199, 204 (6th Cir. 1986) (Younger abstention applies even though state proceeding was dismissed after federal action was filed); Nash v. Cuyahoga Cnty. Metro. Hous. Auth., 2008 WL 1869020 (N.D. Ohio Apr. 24, 2008) (action was pending for purposes of Younger abstention despite subsequent dismissal of state action). Accordingly, the fact that Plaintiff's appeal from the Chancery Court was resolved sometime in early 2013 would not have changed the Magistrate Judge's conclusion that the first criteria of the Younger analysis was satisfied and that abstention was proper.

## RECOMMENDATION

Based on the foregoing, the Court's prior recommendation that Plaintiff's claim for injunctive relief be DISMISSED WITHOUT PREJUDICE based on Younger abstention remains unchanged.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge